IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Andres Leroy Glenn, | C/A No.: 3:13-2927-CMC-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Liz Stowe; Mechell Moore; Elizebeth Escack; and Sue Gale, | |
| Defendants. | |

Andres Leroy Glenn ("Plaintiff"), proceeding pro se and in forma pauperis, alleges that Liz Stowe, Mechell Moore, Elizebeth Escack, and Sue Gal (collectively "Defendants") previously served as Plaintiff's social workers and misused his disability funds. [Entry #1 at 2; Entry #13 at 2]. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the amended complaint without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff is a patient at a private detention healthcare facility in Columbia, South Carolina, identified as GEO Care. [Entry #1 at 3; Entry #13 at 2]. Plaintiff alleges that Defendants previously served as his social workers and improperly used his disability funds to pay an unidentified person's hospital and electricity bills. [Entry #1 at 4]. Plaintiff seeks the return of his money. *Id.* at 5. On November 22, 2013, Plaintiff filed a

nearly identical amended complaint.[1]  [Entry #13]. Plaintiff's amended complaint states "Please help me get the funds from that agency [F]amily Services." *Id*. at 5. He also lists Family Services as the employer for Mechell Moore. *Id*. at 2.

II.     Discussion

    A.    Standard of Review

Plaintiff filed this amended complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations

---

[1] To give liberal construction to the pleadings, Plaintiff's original complaint has been appended to his amended complaint as an attachment.  [Entry #13-1].

are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762

F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Fed. R. Civ. P. 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" When a complaint fails to include "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citations omitted). However, if the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) diversity of citizenship pursuant to 28 U.S.C. § 1332; and (2) federal question pursuant to 28 U.S.C. § 1331. As discussed below, the allegations contained in the instant complaint do not fall within the scope of either form of this court's limited jurisdiction.

First, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372−74 nn.13−16 (1978). The court has no diversity jurisdiction over this case, because Plaintiff fails to demonstrate complete diversity of citizenship or allege an amount in controversy satisfying the requirement of § 1332(a).

Second, the essential allegations contained in the complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United

4

States." 28 U.S.C. § 1331. Plaintiff's allegations do not assert that defendants have violated a federal statute or constitutional provision. Instead, the complaint alleges that Defendants have embezzled money from Plaintiff. [Entry #13 at 3]. Allegations of stolen property are ordinarily matters of state law to be heard in the state courts, unless diversity of citizenship is present. *See, e.g., Killingsworth v. Truluck*, C/A No. 0:10-1823-TLW-PJG, 2010 WL 4638763, at *3 (D.S.C. Sept. 16, 2010) (ownership of personal property a matter of state law); *see also Faulkenberry v. Norfolk Southern Ry. Co.*, 563 S.E.2d 644 (S.C. 2002) (property dispute).

To the extent Plaintiff seeks to bring claims of violations of his civil rights pursuant to 42 U.S.C. § 1983, he has failed to allege the violations were committed under the color of state law. Purely private conduct is not actionable under § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 940 (1982). Plaintiff appears to allege that Defendants are employed by Family Services, Inc. [Entry #13 at 2, 5], which does not appear to be a government agency. *See* http://www.fsisc.org/about.asp (last visited December 9, 2013). Plaintiff provides no information to indicate that Defendants acted under color of state law. Therefore, because Plaintiff has not shown that the court has either diversity or federal question jurisdiction over his claims, the instant complaint is subject to summary dismissal.

III. Conclusion and Recommendation

For the foregoing reasons, it is recommended that the amended complaint be dismissed without prejudice and without issuance and service of process.

    IT IS SO RECOMMENDED.

December 9, 2013                                      Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).